UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LAWRENCE SHINE, | ) | No. CV 08-05462-VBK |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS PURSUANT TO 28 |
| v. | ) | U.S.C. §2241 |
| | ) | |
| NORWOOD, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| —————————————————— | ) | |

**INTRODUCTION**

Petitioner Michael Lawrence Shine ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 by a Person in Federal Custody ("Petition"). Respondent, Joseph Norwood, Warden ("Respondent") filed a Response, and Petitioner filed a Reply Brief.

Petitioner asserts that his constitutional rights were violated during a Disciplinary Hearing Officer ("DHO") procedure concerning an incident report involving the introduction of illicit drugs into the prison facility. Petitioner contends in his first claim that there was absolutely no evidence showing he was involved in any manner in the alleged incident, and that the DHO failed to make the requisite findings

based on conflicting evidence. (Petition at 3.)  In his second ground, Petitioner asserts that he had no involvement in any plan to bring illicit drugs into the institution, and that he was not provided a hearing within 72 hours as required by Federal Bureau of Prisons ("BOP") policy. (Id.)

Petitioner has exhausted his available administrative remedies (see Klein Declaration, Exhibits ["Exs."] 4 and 5.)

Pursuant to 28 U.S.C. §636(c), all parties have consented that this matter may proceed before the Magistrate Judge.

After reviewing the Petition, the Government's Response, and Petitioner's Reply Brief, the Court concludes that the Petition is without merit, and must be dismissed.

**PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED BY THE DHO PROCESS**

Pursuant to 28 U.S.C. §2241, it is Petitioner's burden to demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2241(c)(3).  See Rose v. Hodges, 423 U.S. 19, 21 (1975)(citing 28 U.S.C. §2241.)

**A.    Factual Background.**

Petitioner arrived at the United State Penitentiary in Terre Haute, Indiana on September 21, 2005. (See Klein Declaration Ex. 3.)

On August 16, 2006, prison staff recovered an express mail cardboard mailer which was addressed to inmate Cedric King.  Secreted inside the package, which included certain legal papers, was marijuana. (See Alexander Declaration, Ex. 1.)

Following an administrative investigation, on December 22, 2006, Petitioner was charged under Code 111, Introduction of Narcotics.  That

investigation concluded that Petitioner, with other inmates, was involved in an attempt to introduce marijuana into the prison facility. A copy of the report was delivered to Petitioner on December 22, 2006. (Id.)

A Report of Investigation dated January 10, 2007 indicated that Petitioner was interviewed by Lt. Lovett, advised of his rights to remain silent during the disciplinary process, and advised that his silence may be used to draw an adverse inference at any stage of the disciplinary process. Petitioner was provided with a copy of the report and elected not to make a statement or have any witnesses. Lt. Lovett found that the charge warranted further proceedings and forwarded the report to a Unit Discipline Committee ("UDC") for further disposition. (Id.)

On January 16, 2007, Petitioner appeared before a UDC for a hearing, was advised of his rights and stated he had no involvement with the incident. UDC referred the matter to the DHO for appropriate sanctions. (Id.)

A hearing was held before a DHO on June 1, 2007. The DHO reviewed all evidence, and found that Petitioner committed the prohibited act of Attempted Introduction of Narcotics. The DHO prepared a report which was provided to Petitioner. (See Alexander Declaration, Ex. 2.)

Petitioner received a sanction of loss of 41 days Good Conduct Time, 60 days Disciplinary Segregation, and Loss of Visiting Privileges for one year followed by one year of visits by family only. (Id.)

Petitioner was thereafter transferred on October 3, 2007 to USP Victorville. (Klein Declaration, Ex. 3.)

Petitioner filed administrative appeals on November 28, 2007, and May 5, 2008, which were denied. (See Klein Declaration, Ex. 4, 5.)

3

1  Petitioner thereafter brought this Petition pursuant to 28 U.S.C. §2241.

2

3  **B.   <u>Applicable Law</u>**.

4  The requirements of procedural due process in the prison discipline

5  context were established in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974).

6  There, the Supreme Court established the following five elements

7  required to satisfy procedural due process in this context: (1) written

8  notice of the charged misconduct at least 24 hours before the hearing;

9  (2) an impartial hearing body; (3) an opportunity to present witnesses

10  and documentary evidence; (4) assistance for illiterate inmates or in

11  complex cases; and (5) a written statement of the evidence relied upon

12  and reasons for the sanction. (418 U.S. at 563-568.)

13  In the prison disciplinary context, a finding of culpability at the

14  administrative level must be supported by some evidence.   <u>See</u>

15  <u>Superintendent, Massachusetts Correctional Institution, Walpole v. Hill</u>,

16  472 U.S. 445 (1985); <u>Zimmerlee v. Keeney</u>, 831 F.2d 183, 186 (9th Cir.

17  1987).

18

19  **C.   <u>Petitioner's Administrative Disciplinary Process Complied with</u>**

20  **<u>Due Process Requirements as Established by the Supreme Court</u>**.

21  Reviewing the five elements required for procedural due process

22  established by <u>Wolff v. McDonnell</u>, <u>supra</u>, the evidence clearly indicates

23  that Petitioner was not deprived of his constitutional rights.   In

24  order, the first requirement of written notice was satisfied by the

25  notice provided to Petitioner on December 22, 2006.   While Petitioner

26  contends he did not receive written notice until January 16, 2007 (Reply

27  Brief at 3), it is apparent that Petitioner received this notice well

28  over 24 hours before his appearance before the DHO which occurred on

4

June 1, 2007.

*Wolff* also requires that the hearing be conducted by an impartial body, and there is no indication that the certified DHO, Eleanor Alexander, was not an impartial officer. (*Id*.)

The third requirement in *Wolff* is that Petitioner had the opportunity to present witnesses and documentary evidence. It is clear, also, that this occurred, as Petitioner submitted two written witness affidavits on his behalf, one from a fellow inmate and one from his aunt. (*Id*.)

The fourth *Wolff* requirement, that assistance be provided for illiterate inmates or in complex cases, is not applicable in this case, as Petitioner makes no claim that he comes within the ambit of this requirement.

The final procedural due process requirement of *Wolff* is that a written statement of the evidence relied upon and reasons for the sanction be provided to Petitioner. The evidence does indicate that Petitioner was provided with a copy of the DHO report that contained a written statement of the evidence relied upon and the reasons for the sanction. (Alexander Declaration, Ex. 2.)

In sum, Petitioner's procedural due process objections were adhered to fully.

Petitioner also claims that the findings of DHO were not supported by some evidence, as required by Supreme Court precedent. (*See* Reply Brief at 4, *et seq*.) The Court disagrees. The Alexander Declaration (*see* ¶ 7, and Ex. 2) summarizes the evidence relied upon to reach a conclusion that Petitioner was guilty of the infraction. The DHO report indicates that according to the evidence, Petitioner financed the attempted introduction of illicit drugs into the institution by sending

money to an individual named Kristen Henderson through Petitioner's brother, Andre Taylor.   The hearing officer listened to numerous recorded telephone calls establishing Petitioner's involvement.   In particular, the hearing officer summarized in detail two telephone calls of July 18, 2006, which occurred at 6:19 p.m. and 8:37 p.m.  Other phone calls summarized by the hearing officer indicated that Petitioner had direct involvement in the financial aspect of the transaction, which involved Petitioner's brother, and his aunt, Debra Davis. (Id.)

Petitioner places reliance upon the signed affidavits of inmates Cedric King and Richard Armstrong, who assertedly pled guilty at their own DHO hearing, that Petitioner had no involvement in the plan to introduce illicit drugs into the institution. (See Ground 2, Petition at 3.)   The DHO report, however, indicates that these statements, along with Petitioner's own statement, were considered by the hearing officer and that the finding of Petitioner's involvement was based upon a weighing of all the evidence.   The hearing officer was not required to accord credibility to these witness statements, or Petitioner's own statement, and in fact, discharged her obligation to weigh the evidence. In any event, this Court must only determine if there was any evidence which supports the conclusion of the DHO. (See Zimmerlee, 831 F.3d at 186.)   It is clear that the DHO conclusion was supported by the weight of the evidence.

Petitioner's final contention is that the timing of the incident report and the disciplinary hearing was violative of his constitutional rights, because the UDC hearing was not held with 72 hours.  But these are not constitutional requirements, but simply BOP guidelines.  The preparation of Incident Reports is ordinarily done within 24 hours, and the appearance before the UDC is ordinarily within 72 hours.  See 28

C.F.R. §541.11 (Table 2).  Moreover, Petitioner cannot establish that he was prejudiced by any asserted delay in these proceedings.  Petitioner's due process rights were protected by the fact that he received advance written notice of the violation, with a written statement of the evidence relied upon and the reasons for the discipline imposed. (See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989).) Petitioner has not demonstrated that he suffered prejudice from any asserted delay, or that any delay was unreasonable.

     Based on the foregoing conclusions, the Court finds no merit in the Petition, and orders that it be dismissed with prejudice.


DATED: December 9, 2009                      /s/
                              VICTOR B. KENTON
                              UNITED STATES MAGISTRATE JUDGE